IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GERALD ORTIZ Y PINO**

    **Plaintiff,**

v.                                                            Case No. 1:24-cv-00240-KK-JFR

**MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico,**

    **Defendant.**

**ANSWER TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

COMES NOW Maggie Toulouse Oliver, Secretary of State for the State of New Mexico (the "Secretary"), by and through her counsel, the New Mexico Department of Justice (Mark W. Allen, Assistant Attorney General), and for her Answer to the Complaint states as follows:

**Introduction**

Regarding the material contained in the introductory un-numbered paragraphs, the Secretary admits that her office referred Plaintiff to the State Ethics Commission and the New Mexico Department of Justice in connection with a $200 gift made with his campaign funds and denies the remaining allegations in the introductory material.

**Venue and Jurisdiction**

1. The allegations in paragraph 1 are legal conclusions to which no response is required; the Secretary does not contest this Court's subject-matter jurisdiction.

2. The Secretary admits the allegations contained in paragraph 2.

3. The Secretary admits the allegations contained in paragraph 3.

**Parties**

4. The Secretary admits the allegations contained in paragraph 4.

5. The Secretary denies that her office's mandatory reporting of suspected ethics violations constitutes "initiat[ing] enforcement." The Secretary admits the remaining allegations in paragraph 5.

**General Allegations**

6. The Secretary is without information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

7. The Secretary admits that Plaintiff made a $200 gift to a private individual using campaign funds and reported the same. The Secretary denies that this gift can be reasonably characterized as a "political expenditure" and denies the remaining allegations in paragraph 7.

8. The Secretary denies that this gift can be reasonably characterized as a "political expenditure" and otherwise admits the allegations in paragraph 8.

9. The Secretary admits the allegations contained in paragraph 9.

10. The Secretary admits that Plaintiff has communicated his belief that the referenced statute is unconstitutional and denies that this is a fact relevant to the Complaint.

11. Regarding the allegations in paragraph 11: Exhibit A speaks for itself and the Secretary denies the allegations in paragraph 11 to the extent they conflict with Exhibit A.

12. Regarding the allegations in paragraph 12: Exhibit B speaks for itself and the Secretary denies the allegations in paragraph 12 to the extent they conflict with Exhibit B.

13. Regarding the allegations in paragraph 13: Exhibit B speaks for itself and the Secretary denies the allegations in paragraph 13 to the extent they conflict with Exhibit B.

14. Regarding the allegations in paragraph 14: Exhibit B speaks for itself and the Secretary denies the allegations in paragraph 14 to the extent they conflict with Exhibit B.

15. Regarding the allegations in paragraph 15: Exhibit B speaks for itself and the Secretary denies the allegations in paragraph 15 to the extent they conflict with Exhibit B.

16. The Secretary admits the allegations in paragraph 16.

17. The Secretary admits that she did not respond to Plaintiff's request and denies that she had any obligation to provide authority for the constitutionality of a validly-enacted, presumptively-constitutional statute.

18. The Secretary denies the allegations in paragraph 18.

19. The Secretary is without information sufficient to form a belief as to Plaintiff's state of mind and denies the allegations in paragraph 19 to the extent they reflect the same, and denies that Plaintiff's conclusions were "natural."

20. The Secretary denies the allegations in paragraph 20.

21. Regarding the allegations in paragraph 21: Exhibit C speaks for itself and the Secretary denies the allegations in paragraph 21 to the extent they conflict with Exhibit C and denies the remaining allegations in paragraph 21.

22. The Secretary denies the allegations in paragraph 22.

23. The Secretary admits that her office referred Plaintiff to the New Mexico Department of Justice based on her belief that the gift at issue was in violation of campaign finance reporting laws and denies the remaining allegations in paragraph 23.

24. The allegations in paragraph 24 are legal conclusion to which no response is required.

25. The Secretary denies the allegations in paragraph 25.

## Count I

## Violation of the First Amendment

26. Paragraph 26 is a legal conclusion to which no response is required. The Secretary denies that there is any "donat[ion] to charitable causes" at issue in this matter and demands strict proof of same.

27. The Secretary admits that Plaintiff made a gift of $200 of campaign funds to a private individual and denies the remaining allegations in paragraph 27.

28. The Secretary denies that the transactions described are "political expenditures for charitable purposes" and is otherwise without information to form a belief as to the truth of the remaining allegations and therefore denies the same.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 29.

30. The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 30.

31. The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 31.

32. The allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 32.

33. The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 33.

34. The allegations in paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 34.

35. The allegations in paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 35.

36. The allegations in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 36.

37. The allegations in paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, the Secretary denies the allegations in paragraph 37.

38. The Secretary denies that Plaintiff has stated a claim under any theory of recovery, denies that Plaintiff has articulated any cognizable form of damages, and denies that any theory of recovery derived from the facts alleged in the complaint entitles him to attorneys' fees.

**Prayer For Relief**

In response to the statements contained in the Prayer for Relief, the Secretary denies that the well-pleaded allegations in the complaint entitle Plaintiff to any of the relief requested.

**Affirmative Defenses**

First Affirmative Defense: The complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense: Plaintiff lacks standing to bring the claims asserted in the Complaint.

Third Affirmative Defense: The relief requested, forbidding the Secretary from fulfilling her statutory duty to report suspected campaign finance violations, is contrary to law and sound public policy.

Respectfully submitted,

By: */s/ Mark W. Allen*
Mark W. Allen
Assistant Attorney General
New Mexico Department of Justice
201 Third Street NW, Suite 300
Albuquerque, NM  87102
Tel.: (505) 490-4825
Fax: (505) 490-4881
mallen@nmdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2024, I filed and served the foregoing on counsel of record for all parties via the CM/ECF system.

*/s/ Mark W. Allen*