## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GERALD ORTIZ Y PINO,

     Plaintiff,

v.

                               Case No. 1:24-cv-00240-MIS-JFR

MAGGIE TOULOUSE OLIVER,
in her Official Capacity as
Secretary of State,

     Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION AND DECLARATORY JUDGMENT, AND REQUIRING PLAINTIFF TO SHOW CAUSE WHY REMAINING CLAIM SHOULD NOT BE DISMISSED AS MOOT

THIS MATTER is before the Court on New Mexico Secretary of State Maggie Toulouse Oliver's Motion for Summary Judgment, ECF No. 29, filed November 22, 2024. Plaintiff Gerald Ortiz y Pino filed a Response on December 6, 2024, ECF No. 34, to which Defendant filed a Reply on December 20, 2024, ECF No. 38.

Also before the Court is Plaintiff's Motion for Permanent Injunction and Declaratory Judgment, ECF No. 28, filed November 19, 2024. Defendant filed a Response on December 3, 2024, ECF No. 33, to which Plaintiff filed a Reply on December 17, 2024, ECF No. 36.

Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** Defendant's Motion for Summary Judgment, **DENY** Plaintiff's Motion for Permanent Injunction and Declaratory Judgment, and order Plaintiff to **SHOW CAUSE** why the remaining claim should not be dismissed as moot.

I.    **Introduction**[1]

At all times relevant to the Complaint, Plaintiff Gerald Ortiz y Pino ("Senator Ortiz y Pino") was a New Mexico State Senator, ECF No. 1 ¶ 4, and Defendant Maggie Toulouse Oliver ("Secretary Toulouse Oliver") was the New Mexico Secretary of State, id. ¶ 5.

On January 19, 2021, Senator Ortiz y Pino used his campaign funds to make a $200 donation to high school student Ariana Alvarado "to support her academic endeavors so she could participate in a week-long, out-of-state summer workshop . . . for high school students." Id. ¶ 7. Pursuant to New Mexico's Campaign Reporting Act ("CRA"), N.M. Stat. Ann. §§ 1-19-25 to -37, Senator Ortiz y Pino reported this expenditure to the Secretary of State's office. Id. ¶ 8.

The CRA governs how a political candidate may use campaign funds. As relevant here, the CRA provides:

A. It is unlawful for a candidate or the candidate's agent to make an expenditure of contributions received, except for the following purposes or as otherwise provided in this section:

(1) expenditures of the campaign;

(2) expenditures of legislators that are reasonably related to performing the duties of the office held, including mail, telephone and travel expenditures to serve constituents, but excluding personal and legislative session living expenses;

(3) donations to the state general fund;

(4) donations to an organization to which a federal income tax deduction would be permitted under Subparagraph (A) of Paragraph (1) of Subsection (b) of Section 170 of the Internal Revenue Code of 1986, as amended;

(5) expenditures to eliminate the campaign debt of the candidate for the office sought or expenditures incurred by the candidate when seeking election to another public office covered by the Campaign Reporting Act;

---

[1]    Unless otherwise noted, the information contained in this section is gleaned from the Complaint and is included solely to frame the issues raised by the Parties' Motions.

(6) donations to a political committee or to another candidate seeking election to public office; or

(7) disbursements to return unused funds pro rata to the contributors if no campaign debt exists.

N.M. Stat. Ann. § 1-19-29.1(A).  The Parties agree that a charitable donation is permissible under subsection (A)(4) of this provision only if made to an organization eligible for non-profit status under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).

Secretary Toulouse Oliver determined that Senator Ortiz y Pino's donation to Ms. Alvarado is not permissible under N.M. Stat. Ann. § 1-19-29.1(A)(4).  ECF No. 1 ¶ 9.  Thus, on September 15, 2023, Secretary Toulouse Oliver's Office sent Senator Ortiz y Pino a letter stating that Senator Ortiz y Pino must replace the campaign funds he used for the donation to Ms. Alvarado with non-campaign money.  Id. ¶ 11; Letter from Anastacio F. Trujillo, Disclosure Auditor, Bureau of Elections, Sec'y of State, to Gerald Ortiz y Pino (Sept. 15, 2023), ECF No. 1-1.  The September 15, 2023 Letter requests "voluntary compliance" and states that Senator Ortiz y Pino's failure to reimburse his campaign funds would "be included on an annual report and forwarded to the State Ethics Commission and the Attorney General for further enforcement."  ECF No. 1-1 at 2; see also ECF No. 1 ¶ 11.

On September 25, 2023, Senator Ortiz y Pino's attorney, Phillip Baca, sent a letter to Secretary Toulouse Oliver stating that he believed Section 1-19-29.1(A)(4) violated the First Amendment to the U.S. Constitution because it constitutes a content-based restriction on speech, and, as such, Secretary Toulouse Oliver's "threatened enforcement action against him is unconstitutional."  Letter from Phillip Baca to Maggie Toulouse Oliver, Sec'y of State (Sept. 25, 2023), ECF No. 1-2; see also ECF No. 1 ¶ 12.

On February 20, 2024, Secretary Toulouse Oliver's Office sent Senator Ortiz y Pino a letter stating that her office had reviewed "all the information [Senator Ortiz y Pino] provided" and determined that his donation to Ms. Alvarado is "not allowed under the New Mexico Campaign Finance Law, § 1-19-29.1(A)(1-7)."  Letter from Anastacio F. Trujillo, Disclosure Auditor, Bureau of Elections, Sec'y of State, to Gerald Ortiz y Pino (Feb. 20, 2024), ECF No. 1-3.  It further states: "We view the inaction to our requests as non-compliance with the Campaign Reporting Act" and "pursuant to the requirements in [N.M. Stat. Ann. § 1-19-32.1(B)], we have prepared an annual report that includes this unresolved discrepancy and have forwarded the information to the State Ethics Commission and the Attorney General for enforcement."  Id.

According to the Complaint, criminal violations of the Campaign Reporting Act are governed by a three-year statute of limitations, ECF No. 1 ¶¶ 23-24 (citing N.M. Stat. Ann. § 30-1-8(H)), which has expired with regard to Senator Ortiz y Pino's donation to Ms. Alvarado, id. ¶ 23.  Furthermore, the State Ethics Commission has informed Senator Ortiz y Pino that the

> specific circumstances surrounding the expenditure [to Ms. Alvarado], including the timing and amount of the contested expenditure, in addition to the fact that Senator Ortiz y Pino is not seeking reelection, together do not support the use of the Commission's resources and personnel to commence a civil action related to this expenditure.

Letter from Jeremy Farris, Exec. Dir., State Ethics Comm'n, to Phillip Baca (Mar. 13, 2024), ECF No. 10-2.

## II.    Procedural History

On March 8, 2024, Senator Ortiz y Pino initiated this lawsuit by filing a one-count Complaint titled "Violation of the First Amendment."  ECF No. 1 at 6.  The Prayer for Relief requests the following:

A. Declaratory judgment that Section 1-19-29.1(A)(4) of the Campaign Reporting Act is unconstitutional on its face;

B. A temporary restraining order requiring Secretary Toulouse Oliver to withdraw her enforcement action against Senator Ortiz y Pino with the State Ethics Commission and the Attorney General's office;

C. A preliminary and permanent injunction prohibiting Secretary Toulouse Oliver from enforcing Section 1-19-29.1(A)(4)'s restrictions on political expenditures for charitable purposes;

D. Attorneys' fees pursuant to 42 U.S.C. § 1988;

E. Costs of litigation; and

F. Any other relief pursuant to F.R.C.P. 54(c).

Id. at 8. On April 2, 2024, Secretary Toulouse Oliver filed an Answer and affirmative defenses. ECF No. 4.

On May 16, 2024, Senator Ortiz y Pino filed a Motion for Preliminary Injunction stating that he is asserting a "facial constitutional challenge to Section 1-19-29.1(A)(4)." ECF No. 10 at 6. Secretary Toulouse Oliver filed a Response, ECF No. 12, to which Senator Ortiz y Pino filed a Reply, ECF No. 16. At the Court's invitation, ECF No. 20, the Parties filed supplemental briefs on August 21, 2024. ECF Nos. 21, 22. On August 28, 2024, the Court held a hearing on the Motion. See ECF No. 24. After the hearing, at the Court's request, the Senator provided the Court additional case law on standing via email. Based on the cases cited therein—Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620 (1980) and Secretary of State v. Joseph H. Munson Co., 467 U.S. 947 (1984)—the Court construed Senator Ortiz y Pino's challenge to Section 1-19-29.1(A)(4) as a facial overbreadth challenge. See ECF No. 25 at 11.

On October 28, 2024, the Court issued an Order Granting in Part and Denying in Part Senator Ortiz y Pino's Motion for Preliminary Injunction ("Preliminary Injunction Order"). ECF No. 25. Initially, the Court stated that it was "inclined to agree" with Secretary Toulouse Oliver that Senator Ortiz y Pino's donation to Ms. Alvarado is not "speech" as the Supreme Court defined it in Texas v. Johnson, 491 U.S. 397 (1989). Id. at 15-16. Specifically, the Court found that "there

has been no argument or evidence that the Senator intended to convey a particularized message when making the donation, and it is not otherwise 'sufficiently imbued with elements of communication . . . .'" Id. (quoting Johnson, 491 U.S. at 404). However, the Court further observed that Senator Ortiz y Pino was challenging Section 1-19-29.1(A)(4) as facially overbroad, and found that "the statute effectively prohibits a substantial amount of conduct that does satisfy this definition." Id. at 16. The Court provided the following hypothetical example:

> A college student becomes pregnant after being raped and organizes an online fundraising campaign to help raise money to pay for an abortion. A New Mexico state senator wishes to make an online donation to the young woman's fundraising campaign to support the young woman and to communicate to the senator's constituents that she supports a woman's right to choose to terminate a pregnancy. Section 1-19-29.1(A)(4)'s de facto ban on using campaign funds to make any charitable donations—other than those to 501(c)(3) non-profit organizations— would prohibit the senator's donation to the college student. As such, it is a restriction on the senator's First Amendment rights because the donation was intended "to convey a particularized message" and "the likelihood was great that the message would be understood by those who viewed it."

Id. (quoting Johnson, 491 U.S. at 404).

The Court then found that Senator Ortiz y Pino was substantially likely to succeed on the merits of his claim because: (1) the only "compelling government interests" that can justify restrictions on core political speech are quid pro quo corruption and the appearance thereof, and Secretary Toulouse Oliver presented no evidence that "Section 1-19-29.1(A)(4)'s de facto ban on using campaign funds to make any charitable donations—other than those to 501(c)(3) non-profit organizations—was enacted to prevent quid pro quo corruption" or the appearance thereof, id. at 17; (2) even if there is evidence that Section 1-19-29.1(A)(4) was enacted to prevent quid pro quo corruption (or the appearance thereof), such evidence may be insufficient to satisfy strict scrutiny, ECF No. 25 at 18; and (3) in any event, it is unlikely that Section 1-19-29.1(A)(4)'s restriction on charitable donations is narrowly tailored to serving any anti-corruption interest, id. at 19.

The Court further found that the remaining factors weighed in Senator Ortiz y Pino's favor and enjoined Secretary Toulouse Oliver from referring a campaign fund's charitable expenditure to an individual to the State Ethics Commission or the Attorney General's Office for civil and/or criminal enforcement. Id. at 20-25.

However, the Court further found that Senator Ortiz y Pino failed to establish irreparable injury supporting an injunction requiring Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office. See id. at 22-23. Specifically, it found:

> Senator Oritz y Pino has offered no evidence or argument supporting a finding that his reputation has been or may be injured; and in any event, reputational injury can be remedied through damages and is therefore not "irreparable." See Hunter v. Hirsig, 614 F. App'x 960, 963 (10th Cir. 2015) ("The Supreme Court has expressly held that even if the record reflects 'a satisfactory showing . . . that [the litigant's] reputation would be damaged as a result of the challenged agency action, . . . the showing [will] fall[ ] far short of the type of irreparable injury which is a necessary predicate to the issuance of a[n] . . . injunction.'") (quoting Sampson v. Murray, 415 U.S. 61, 91-92 (1974) (alterations in original)); Schrier v. Univ. of Colo., 427 F.3d 1253, 1266-67 (10th Cir. 2005) ("[B]ecause the types of injuries alleged by Dr. Schrier"—including reputational injury—"occurred in the past or were speculative, and could be remedied through money damages should he ultimately prevail on his claims, a preliminary injunction was unwarranted."). Nor has he otherwise shown irreparable injury supporting an injunction requiring Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office. The Parties agree that the limitations period for criminal enforcement by the Attorney General has expired, and the Ethics Commission has stated that it will not be instituting civil enforcement proceedings.

Id. Therefore, the Court denied Senator Ortiz y Pino's request for an order requiring Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office. Id. at 23.

Secretary Toulouse Oliver has appealed the Court's Preliminary Injunction Order. See ECF No. 30.

On November 19, 2024, Senator Ortiz y Pino filed the instant Motion for Permanent Injunction and Declaratory Judgment.  ECF No. 28.  Secretary Toulouse Oliver filed a Response, ECF No. 33, to which Senator Ortiz y Pino filed a Reply, ECF No. 36.

On November 22, 2024, Secretary Toulouse Oliver filed the instant Motion for Summary Judgment.  ECF No. 29.  Senator Ortiz y Pino filed a Response, ECF No. 34, to which Secretary Toulouse Oliver filed a Reply, ECF No. 38.

### III.    Discussion

As an initial matter, although Secretary Toulouse Oliver has appealed the Court's Preliminary Injunction Order, the Court retains jurisdiction over the merits of this action.  See Free Speech v. Fed. Election Comm'n, 720 F.3d 788, 791 (10th Cir. 2013) ("Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits.") (quoting United States v. Price, 688 F.2d 204, 215 (3d Cir. 1982))).  See also 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3921.2 (3d ed. 2024).

The Court will first address Secretary Toulouse Oliver's Motion for Summary Judgment before turning to Senator Ortiz y Pino's Motion for Permanent Injunction and Declaratory Judgment.

### a)  Motion for Summary Judgment

Secretary Toulouse Oliver moves for summary judgment as to the Complaint's facial overbreadth challenge to Section 1-19.29.1(A)(4).  See ECF No. 29 at 2.

### 1. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure allows a court to grant summary judgment when the evidence submitted by the parties establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the nonmovant is required to point the court to record evidence of facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). A fact is "material" if under the substantive law it is essential to the proper disposition of the claim. Id. at 248. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the nonmovant must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [their] case in order to survive summary judgment." Johnson v. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998)).

It is not the court's role to weigh the evidence or assess the credibility of witnesses in ruling on a motion for summary judgment. See Daniels v. United Parcel Serv., Inc., 701 F.3d 620, 627 (10th Cir. 2012), abrogated on other grounds by Muldrow v. City of St. Louis, 601 U.S. 346, 355 (2024). Rather, the court resolves all doubts against the movant, construes all admissible evidence

in the light most favorable to the nonmovant, and draws all reasonable inferences in favor of the nonmovant. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999); see also Garrison v. Gambro, Inc., 428 F.3d 933, 935 (10th Cir. 2005). However, summary judgment may nevertheless be granted where "the evidence is merely colorable, or is not significantly probative." Liberty Lobby, 477 U.S. at 249-50 (internal citations omitted).

### 2. Undisputed Facts[2]

At all times relevant to the Complaint, Plaintiff Gerald Ortiz y Pino was a New Mexico State Senator. Def.'s Facts ¶ 1. On January 19, 2021, Senator Ortiz y Pino gifted $200 to high school student Ariana Alvarado out of his campaign funds. Id. ¶ 2. Senator Ortiz y Pino reported this campaign expenditure to Secretary Toulouse Oliver, as required by law. Id. ¶ 3. The report provided by Senator Ortiz y Pino identified the expenditures as a "donation to scholarship fund," but did not provide any information identifying a charitable organization to which the donation was made. Id. ¶ 4. Nor did Senator Ortiz y Pino's report identify the donation as a campaign expenditure. Id. ¶ 5.

Secretary Toulouse Oliver reviewed Senator Ortiz y Pino's report as part of her statutorily-mandated random report examination for 2021. Id. ¶ 6. Because the expenditure was not identified as an expenditure of the campaign and did not fall into any other category of permissible uses of campaign funds, Secretary Toulouse Oliver identified this expenditure as potentially disallowed under the CRA. Id. ¶ 7.

Secretary Toulouse Oliver communicated with Senator Ortiz y Pino several times in an attempt to secure his voluntary compliance with the CRA. Id. ¶ 8. By letter dated September 15,

---

[2]     The following facts are gleaned from Defendant's Statement of Undisputed Material Facts ("Def.'s Facts"), which is incorporated in her Motion for Summary Judgment. ECF No. 29 at 3-4. All facts are undisputed unless otherwise noted. See ECF No. 34 at 19-21.

2023, Secretary Toulouse Oliver provided a deadline of ten days for Senator Ortiz y Pino to come into compliance with the CRA by replacing the $200, after which the disallowed expenditure would be included in the Secretary's annual report.  Id. ¶ 9.  On September 25, 2023, Senator Ortiz y Pino wrote Secretary Toulouse Oliver a letter stating his refusal to voluntarily comply with the CRA.  Id. ¶ 10.

On February 20, 2024, Secretary Toulouse Oliver sent a letter to Senator Ortiz y Pino informing him that the unresolved discrepancy was included in the Secretary's annual report and had been forwarded to the State Ethics Commission and the Attorney General for enforcement.  Id. ¶ 11.

Secretary Toulouse Oliver considers any expenses reasonably attributable to a campaign as "expenditures of the campaign" as that term is used in N.M. Stat. Ann. § 1-19-29.1.  Id. ¶ 13. Secretary Toulouse Oliver considers any funds spent for the purpose of conveying the political viewpoints of a candidate or publicizing their candidacy to be permissible "expenditures of the campaign."[3]  Id. ¶ 14.  The Secretary would consider the hypothetical donation to a rape victim's online abortion fundraiser the Court used as an example in the Preliminary Injunction Order as a permissible expenditure of the campaign "because the expenditure was in furtherance of that candidate's political speech."  Id. ¶ 15.

---

[3]    The Parties dispute whether, during their correspondence, Senator Ortiz y Pino identified a message that he was attempting to convey through his $200 donation to Ms. Alvarado.  Secretary Toulouse Oliver asserts that the Senator never identified any such message.  See id. ¶ 12.  Senator Ortiz y Pino states that during his correspondence with the Secretary, he included an email from Ms. Alvarado stating that her career goal was to become "an extraordinary prosecutor[,]" ECF No. 34 ¶ 4, and that Senator Ortiz y Pino responded to Ms. Alvarado stating: "Public service of the sort you are envisioning is very important[,]" id. ¶ 5.  In any event, Senator Ortiz y Pino argues that whether he identified a message he was attempting to convey with his donation to Mr. Alvarado is not material to the outcome of this case.  See id.  The Court finds that whether Senator Ortiz y Pino was attempting to convey a message with his donation to Mr. Alvarado is not material to the outcome of his facial overbreadth challenge.

### 3. Analysis

Secretary Toulouse Oliver argues that N.M. Stat. Ann. § 1-19-29.1(A)(4) is not facially overbroad.  See ECF No. 29 at 5-8.  She argues that when considered within the context of the CRA as a whole, Section 1-19-29.1(A)(4) does not ban any campaign speech.  Id. at 5.  As relevant here, the CRA provides:

> A. It is unlawful for a candidate or the candidate's agent to make an expenditure of contributions received, except for the following purposes or as otherwise provided in this section:
>
> (1) expenditures of the campaign;
>
> (2) expenditures of legislators that are reasonably related to performing the duties of the office held, including mail, telephone and travel expenditures to serve constituents, but excluding personal and legislative session living expenses;
>
> (3) donations to the state general fund;
>
> (4) donations to an organization to which a federal income tax deduction would be permitted under Subparagraph (A) of Paragraph (1) of Subsection (b) of Section 170 of the Internal Revenue Code of 1986, as amended;
>
> (5) expenditures to eliminate the campaign debt of the candidate for the office sought or expenditures incurred by the candidate when seeking election to another public office covered by the Campaign Reporting Act;
>
> (6) donations to a political committee or to another candidate seeking election to public office; or
>
> (7) disbursements to return unused funds pro rata to the contributors if no campaign debt exists.

N.M. Stat. Ann. § 1-19-29.1(A).  Secretary Toulouse Oliver argues that even if a charitable donation would be impermissible under Section 1-19-29.1(A)(4)—because, for example, it was made to a 501(c)(4) organization or an individual—if it is truly campaign "speech" it would be a permissible "expenditure[] of the campaign" under Section 1-19-29.1(A)(1).  ECF No. 29 at 5-6. She argues that the phrase "expenditures of the campaign" broadly includes any "[e]xpenditures

that are reasonably attributable to the candidate's campaign and not to personal use . . . ." <u>Id.</u> at 6 (quoting N.M. Code R. § 1.10.13.25(B)(2)).[4]  This definition includes "campaign spending on television and radio advertising, staff, travel, event attendance, social media marketing, association fees, or election-related fees[,]" <u>id.</u> at 7, which do not fall under any separate category of permissible spending under the CRA, <u>id.</u>  According to the Secretary, it also includes "[e]xpenditures for the purpose of spreading the message of the campaign, the candidate, or any political or other issue relevant to the election[,]" <u>id.</u>; and it would include the hypothetical donation to a rape victim's online abortion fundraiser the Court used as an example in the Preliminary Injunction Order, <u>see</u> Section II, <u>supra</u>, because it "would be made by the candidate for (at least in large part) the purpose of conveying a strong political message for the campaign and the candidate[,]" ECF No. 29 at 7.  In short, "[a]ny speech act made by a campaign that was in furtherance of the political speech of that campaign or candidate would be an expenditure of the campaign and thus permissible under the CRA." <u>Id.</u>.  Thus, she argues that "[t]he CRA places no restrictions whatsoever on political communication, including in the form of charitable gifts to non-tax-favored entities.  As a result, the CRA is constitutional on its face."[5] <u>Id.</u> at 8.  Alternatively, she argues that the CRA is constitutional because the lawful applications of the CRA vastly outnumber the unlawful applications.  <u>Id.</u> at 8-9.  She argues that "the chief aim of the expenditure restrictions under the CRA is to prevent self-dealing or other personal use of campaign funds[,]"

---

[4]        Secretary Toulouse Oliver incorrectly cites the quoted material as N.M. Code R. § 1.10.13.25(B)(1). <u>See</u> ECF No. 29 at 7.

[5]        Secretary Toulouse Oliver's Response to Senator Ortiz y Pino's Motion for Preliminary Injunction did not make this argument—i.e., that any charitable expenditure that qualifies as campaign speech or political speech would be a permissible "expenditure[] of the campaign" under Section 1-19-29.1(A)(1), and, therefore, would not be prohibited by Section 1-19-29.1(A)(4).  And although counsel for Secretary Toulouse Oliver did make this argument in passing during the preliminary injunction hearing, <u>see</u> Tr. of Prelim. Inj. Hr'g, ECF No. 40 at 55:5-10, he did not develop the argument sufficiently to draw the Court's attention to it, and the Court did not appreciate its import until it was further developed in the briefing on the current Motion for Summary Judgment.

id. at 9, and that "[c]ampaigns have no known constitutional right to divert funds to the candidate personally[,]" id.

In his Response, Senator Ortiz y Pino initially asserts that Secretary Toulouse Oliver's Motion seeks summary judgment only as to his facial challenge to Section 1-19-29.1(A)(4), and not his as-applied challenge to Section 1-19-29.1(A)(4).  ECF No. 34 at 2.  He further argues that Secretary Toulouse Oliver fails to analyze the constitutionality of Section 1-19-29.1(A)(4) specifically, instead focusing on the constitutionality of the CRA as a whole.  Id.  He argues that the doctrine of severability applies, and the Court should invalidate Section 1-19-29.1(A)(4) even if the remainder of the CRA is constitutional.  Id. at 3 (citing Barr v. Am. Ass'n of Pol. Consultants, 591 U.S. 610, 625-26 (2020)).  He argues that the Motion must be denied because Secretary Toulouse Oliver failed to present any evidence supporting the need to address the asserted compelling state interest of preventing self-dealing or other personal use of campaign funds.  Id. at 4-5 (citing Fed. Election Comm'n v. Cruz, 596 U.S. 289, 307 (2022)).  He further argues that Section 1-19-29.1(A)(4) is facially unconstitutional because it is not "narrowly tailored" to any asserted compelling state interest.  Id. at 6.  On this point, he notes that Tenth Circuit precedent states that campaign "[e]xpenditures cannot be restricted unless narrowly tailored to advance a compelling state interest."  Id. (quoting Republican Party of N.M. v. King, 741 F.3d 1089, 1093 (10th Cir. 2013).  However, he asserts that "more recently" the Supreme Court has stated that to satisfy strict scrutiny, "the government must adopt 'the least restrictive means of achieving a compelling state interest[.]'"  Id. (quoting Ams. for Prosperity Found. v. Bonta, 594 U.S. 595, 607 (2021) (quoting McCullen v. Coakley, 573 U.S. 464, 478 (2014))).  Senator Ortiz y Pino states that the Supreme Court "indicated further that the 'narrowly tailored' requirement belongs to the lower

'exacting scrutiny' standard." Id. at 6 (citing Ams. for Prosperity, 594 U.S. at 608).  Senator Ortiz y Pino argues that under either standard the Secretary's argument fails.  Id. at 6-7.

He further argues that Section 1-19-29.1(A)(4) is facially overbroad.  Id. at 8-10.  On this issue, he argues that "there is an inscrutable overlap between the Court's 'narrowly tailored' requirement (or in the alternative, 'least restrictive means' requirement) under strict scrutiny, and the Court's 'overbreadth' doctrine on facial challenges to a statute's constitutionality."  Id. at 8.  He argues that it is unclear whether either doctrine is dispositive on its own or how they apply in relation to each other.  Id. (citing Ams. for Prosperity, 594 U.S. at 607-11, 611-19).  He argues that the Supreme Court's decision in Americans for Prosperity "implied the two doctrines were interchangeable[.]"  Id. at 9 (citing Ams. for Prosperity, 594 U.S. at 618).  In any event, he argues that Section 1-19-29.1(A)(4)'s "de facto ban on charitable expenditures to individuals and non-501(c)(3) organizations lacks a 'plainly legitimate sweep'" because it does little or nothing to prevent self-dealing or other personal use of campaign funds, and therefore it is overbroad.  Id. at 10-11 (discussing Joseph H. Munson Co., 467 U.S. at 966; Village of Schaumburg, 444 U.S. at 622).  Senator Ortiz y Pino further argues that his past and prospective charitable campaign expenditures to individuals and non-501(c)(3) organizations are protected by the First Amendment.  Id. at 12-15.  He further argues that Section 1-19-29.1(A)(4) is "presumptively unconstitutional" because it constitutes a content-based restriction on speech in that it favors speech made for expenditures to 501(c)(3) organizations over speech made for expenditures to individuals and non-501(c)(3) organizations.  Id. at 16-18 (citing Barr, 591 U.S. at 618-19).

In her Reply, Secretary Toulouse Oliver argues that the Complaint does not assert an as-applied challenge to the CRA, and even if it did it would fail on the merits because Senator Ortiz y Pino's donation to Ms. Alvarado is not protected speech.  ECF No. 38 at 1-2.  She further argues

that Senator Ortiz y Pino's argument that the Court should focus only on Section 1-19-29.1(A)(4), rather than the CRA as a whole, is misplaced because "Section 1-19-29.1(A)(4) <u>does not ban any conduct whatsoever</u>; it merely provides one of several cumulative categories that collectively comprise the permissible uses of campaign funds." <u>Id.</u> at 2. As such, she argues that "[i]t is necessary for the Court to review the entirety of the CRA to determine what expenditures are allowed and prohibited thereby." <u>Id.</u> She argues that because Senator Ortiz y Pino has only asserted a facial overbreadth challenge to the CRA, the Supreme Court's standard governing facial overbreadth challenges applies. <u>Id.</u> at 2-3 (citing <u>Moody v. NetChoice, LLC</u>, 603 U.S. 707, 723-26 (2024)). She argues that the standard developed by <u>Buckley v. Valeo</u> and its progeny does not apply because the CRA does not affect core political speech. <u>Id.</u> at 3. She argues that the Supreme Court's "jurisprudence on campaign spending restrictions have consistently been tied to the fact that restricting a campaign's ability to acquire or spend money has the effect of limiting robust political discussion." <u>Id.</u> at 4 (citing <u>Buckley</u>, 424 U.S. at 19). She maintains that "[t]he CRA places no restrictions whatsoever on political communication, including in the form of charitable gifts to non-tax-favored entities. As a result, the CRA is constitutional on its face." <u>Id.</u> Finally, she argues that to the extent Senator Ortiz y Pino attempts to show that his donation to Ms. Alvarado contained elements of protected speech, it still fails the <u>Johnson</u> test "because there has been no showing that 'the likelihood was great that the message would be understood by those who viewed it.'" <u>Id.</u> at 4-5 (quoting <u>Johnson</u>, 491 U.S. at 404).

Initially, the Court finds that the Complaint can reasonably be construed to assert both an as-applied and facial challenge to Section 1-19-29.1(A)(4). As to the former, the Complaint can reasonably be construed to allege that Secretary Toulouse Oliver unconstitutionally applied Section 1-19-29.1(A)(4) by finding that Senator Ortiz y Pino's donation to Ms. Alvarado violated

the CRA and by referring the expenditure to the Ethics Commission and Attorney General's Office. <u>See</u> ECF No. 1 ¶¶ 7-17, 21-23, 26-29.  Indeed, the Complaint's Prayer for Relief seeks "[a] temporary restraining order requiring Secretary Toulouse Oliver to withdraw her enforcement action against Senator Ortiz y Pino with the State Ethics Commission and the Attorney General's office[.]"  <u>Id.</u> at 8.  Consequently, the Court finds that the Complaint asserts an as-applied First Amendment challenge to Section 1-19-29.1(A)(4) seeking an order requiring the Secretary to withdraw her enforcement action against Senator Ortiz y Pino with the State Ethics Commission and the Attorney General's Office.[6]  <u>Cf.</u> <u>Citizens United v. Fed. Election Comm'n</u>, 558 U.S. 310, 331 (2010) ("[T]he distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge.  The distinction is both instructive and necessary, for it goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint.").

However, the Court further finds that Secretary Toulouse Oliver reasonably believed that Senator Ortiz y Pino was asserting only a facial overbreadth challenge.  The Complaint contains a single cause of action titled "Violation of the First Amendment."  ECF No. 1 at 6.  The Complaint does not specify whether the single claim is an as-applied challenge or a facial challenge (or both), and the prayer for relief seeks a "[d]eclaratory judgment that Section 1-19.29.1(A)(4) of the Campaign Reporting Act is <u>unconstitutional on its face</u>[.]"  <u>Id.</u> at 8 (emphasis added).

---

[6] The Court construes Senator Ortiz y Pino's allegation that he "has remaining campaign funds and would like to use those funds to make similar political expenditures for charitable purposes[,]" <u>id.</u> ¶ 28, as part of his facial overbreadth claim, not his as-applied claim, because Section 1-19-29.1(A)(4) has not been applied to the Senator with regard to any future, hypothetical donations, and the Court cannot determine whether a nondescript, hypothetical charitable donation constitutes speech.

Furthermore, the first sentence of the "Argument" section of Senator Ortiz y Pino's Motion for Preliminary Injunction states: "Senator Ortiz y Pino is bringing a <u>facial</u> constitutional challenge to Section 1-19-29.1(A)(4) of the Campaign Reporting Act."  ECF No. 10 at 6 (emphasis added). At the Preliminary Injunction hearing the Court asked Senator Ortiz y Pino's attorney, Mr. Baca, to provide the Court with additional authority demonstrating that his client had standing in this case.  In an email dated August 29, 2024, Mr. Baca sent the following letter to the Court:

> Judge Strickland:
>
> Pursuant to your instructions at yesterday's hearing, I am providing citations to case law establishing Senator Jerry Ortiz y Pino's standing under the First Amendment to "challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court."
>
> - <u>Vill. of Schaumburg v. Citizens for a Better Env't</u>, 444 U.S. 620, 634 (1980) (citing supporting case law)
> - <u>See also</u> <u>Sec'y of State of Md. v. Joseph H. Munson Co.</u>, 467 U.S. 947, 956-58 (1984)

Email from Phillip Baca to Margaret Strickland, United States District Judge (Aug. 29, 2024, 3:28 PM).  In <u>Village of Schaumburg</u>, the Supreme Court stated: "Given a case or controversy, a litigant whose own activities are unprotected may nevertheless challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court."  444 U.S. at 634.  Likewise, in <u>Joseph H. Munson</u> the Court observed that "the Court has allowed a party to assert the rights of another without regard to the ability of the other to assert his own claims and with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity."  467 U.S. at 957 (quotation marks and citations omitted).  It further noted that "[f]acial challenges to overly broad statutes are allowed not primarily for the benefit of the litigant, but for the benefit of society—to prevent the statute from chilling the First Amendment rights of other parties not before the court."  <u>Id.</u> at 958.

In both cases, the Court held that the at-issue statutes were facially overbroad.  Joseph H. Munson Co., 467 U.S. at 970; Village of Schaumburg, 444 U.S. at 639.

Given this authority, and given the fact that Senator Ortiz y Pino never represented to the Court that he was asserting an as-applied challenge, the Court's Preliminary Injunction Order naturally concluded—and apparently Secretary Toulouse Oliver did, too—that Senator Ortiz y Pino was asserting only a facial overbreadth challenge to Section 1-19-29.1(A)(4), and construed his claim as such.  See ECF No. 25 at 11.  The first time Senator Ortiz y Pino ever asserted he was bringing an as-applied challenge to Section 1-19-29.1(A)(4) was in his Response to Secretary Toulouse Oliver's Motion for Summary Judgment.  ECF No. 34 at 2.  Therefore, although the Court finds that the Complaint asserts an as-applied First Amendment challenge to Section 1-19-29.1(A)(4), the Court further finds that the Secretary reasonably believed Senator Ortiz y Pino was asserting only a facial overbreadth challenge, and will permit the Secretary to file a separate motion for summary judgment addressing the as-applied challenge, if necessary following Senator Ortiz y Pino's Response to the Court's forthcoming Order to Show Cause.[7]  See Section III(c), infra.

Regarding the facial overbreadth challenge, the Court agrees with Secretary Toulouse Oliver that the standard that applies is the "rigorous standard" recently espoused by the Supreme Court in Moody: "The question is whether 'a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'"  603 U.S. at 723 (quoting Ams. for Prosperity, 594 U.S. 595, 615 (2021)).  Under this standard, a law "may be struck down in its entirety" if its "unconstitutional applications substantially outweigh its constitutional ones."  Id.  "The first step in the proper facial analysis is to assess the state laws'

---

[7]     The Court hereby vacates in part its Standing Order Regarding Motions for Summary Judgment and Motions in Limine and solely to the extent that it limits each party to filing one motion for summary judgment.

scope.  What activities, by what actors, do the laws prohibit or otherwise regulate?"  Id. at 724.

The second step "is to decide which of the laws' applications violate the First Amendment, and to

measure them against the rest."  Id. at 725.

As to the first step, Section 1-19-29.1 prohibits a political candidate (or the candidate's

agent) from making an expenditure of campaign contributions

> except for the following purposes or as otherwise provided in this section:
>
> (1) expenditures of the campaign;
>
> (2) expenditures of legislators that are reasonably related to performing the duties of the office held, including mail, telephone and travel expenditures to serve constituents, but excluding personal and legislative session living expenses;
>
> (3) donations to the state general fund;
>
> (4) donations to an organization to which a federal income tax deduction would be permitted under Subparagraph (A) of Paragraph (1) of Subsection (b) of Section 170 of the Internal Revenue Code of 1986, as amended;
>
> (5) expenditures to eliminate the campaign debt of the candidate for the office sought or expenditures incurred by the candidate when seeking election to another public office covered by the Campaign Reporting Act;
>
> (6) donations to a political committee or to another candidate seeking election to public office; or
>
> (7) disbursements to return unused funds pro rata to the contributors if no campaign debt exists.

N.M. Stat. Ann. § 1-19-29.1(A).  The Court agrees with Secretary Toulouse Oliver that an

expenditure is lawful if it fits into any one of these categories.  See ECF No. 29 at 6-7.  Thus, to

take the example presented by this lawsuit, even though a charitable donation to an individual does

not fit within Section 1-19-29.1(A)(4), it is nevertheless lawful if it constitutes an expenditure of

the campaign under Section 1-19-29.1(A)(1).  Under New Mexico law, all "[e]xpenditures that are

reasonably attributable to the candidate's campaign and not to personal use or personal living expenses are permissible campaign expenditures."  N.M. Code. § 1.10.13.25(B)(2).

Here, it is undisputed that the New Mexico Secretary of State "considers any funds spent for the purpose of conveying the political viewpoints of a candidate or publicizing their candidacy to be permissible 'expenditures of the campaign.'"  Def.'s Facts ¶ 14 (quoting Aff. of Mandy Vigil ("Vigil Aff."), ECF No. 29-1 ¶ 16).  It is further undisputed that Secretary Toulouse Oliver would consider the hypothetical donation to a rape victim's online abortion fundraiser the Court used as an example in the Preliminary Injunction Order as a permissible expenditure of the campaign "because the expenditure was in furtherance of that candidate's political speech."  Id. ¶ 15 (citing Vigil Aff. ¶ 17).

Turning to the second step of the overbreadth inquiry, the Court agrees with Secretary Toulouse Oliver that "[a]ny speech act made by a campaign that was in furtherance of the political speech of that campaign or candidate would be an expenditure of the campaign and thus permissible under the CRA."  ECF No. 29 at 8.  Therefore, if a charitable donation from campaign funds to an individual or non-501(c)(3) entity constitutes campaign speech or political speech, it is a permissible expenditure under 1-19-29.1(A)(1) and is not prohibited by Section 1-19-29.1(A)(4).[8]  As such, the Court can think of no applications of Section 1-19-29.1(A)(4) that violate a candidate's First Amendment rights.  Even assuming arguendo that such applications exist, they

---

[8]    As previously mentioned in Note 5, supra, Secretary Toulouse Oliver's Response to Senator Ortiz y Pino's Motion for Preliminary Injunction did not make the argument that any charitable expenditure that qualifies as campaign speech or political speech is a permissible "expenditure[] of the campaign" under Section 1-19-29.1(A)(1), and, therefore, is not prohibited by Section 1-19-29.1(A)(4).  And while counsel for Secretary Toulouse Oliver did make this argument in passing during the preliminary injunction hearing, see Tr. of Prelim. Inj. Hr'g, ECF No. 40 at 55:5-10, the Court did not appreciate its import until it was further developed in the briefing on the current Motion for Summary Judgment.  Had the argument been more developed during the preliminary injunction stage, the Court likely would have endorsed it at that time and denied Senator Ortiz y Pino's Motion for Preliminary Injunction.

do not substantially outweigh its constitutional ones. Because Section 1-19-29.1(A)(4)'s unconstitutional applications do not substantially outweigh its constitutional ones, Senator Ortiz y Pino's facial overbreadth challenge fails. See Moody, 603 U.S. at 723-24.

For the same reason, Senator Ortiz y Pino's argument that Section 1-19-29.1(A)(4) is an unconstitutional content-based restriction on speech fails. Section 1-19-29.1(A)(4) is not a restriction on speech. If a charitable donation to a non-501(c)(3) organization or individual constitutes speech, it is permissible under 1-19-29.1(A)(1) and not prohibited by 1-19-29.1(A)(4).[9]

Accordingly, the Court finds that Secretary Toulouse Oliver is entitled to summary judgment as to Senator Ortiz y Pino's facial overbreadth challenge to Section 1-19-29.1(A)(4), and her Motion is therefore **GRANTED**.

Because the Secretary reasonably believed Senator Ortiz y Pino was asserting only a facial overbreadth challenge, the Court will permit the Secretary to file a separate motion for summary judgment addressing the as-applied challenge, if necessary following Senator Ortiz y Pino's response to the Court's forthcoming Order to Show Cause.[10] See Section III(c), infra.

### b. Motion for Permanent Injunction and Declaratory Judgment

Having granted Secretary Toulouse Oliver summary judgment on the facial overbreadth claim, see Section III(a)(3), supra, the only claim that remains is Senator Ortiz y Pino's claim that

---

[9]    Because Section 1-19-29.1(A)(4) is not a restriction on speech, the Court rejects Senator Ortiz y Pino's argument that the Court should sever it from the remainder of the CRA. The Court also notes that severing Section 1-19-29.1(A)(4) would, in fact, further limit the scope of permissive spending. Subsection (A)(1) allows any charitable expenditure to an individual, 501(c)(3) organization, or otherwise if it is publicizing candidacy or expressing the candidate's viewpoints. Subsection (A)(4) additionally allows donations to 501(c)(3) organizations without a communicative intent.

[10]    Alternatively, Secretary Toulouse Oliver could withdraw her enforcement referrals with the State Ethics Commission and the Attorney General's Office and file a motion to dismiss the remaining claim as moot. See ECF No. 28 at 8 ("Rather than seeking money damages, Senator Ortiz y Pino simply wants to clear his good name by having these two referrals withdrawn.").

Section 1-19-29.1(A)(4) is unconstitutional as applied to him. In this regard, his Motion for Permanent Injunction seeks a "permanent injunction requiring Defendant Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office." ECF No. 28 at 2.

### 1. Legal Standard

"Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefor is clearly established." Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). See also Rampton v. Fox, 235 F.2d 883, 884 (10th Cir. 1956) ("Courts require that injunctive relief will be granted only in cases where such extraordinary and unusual conditions have been found to exist."); cf. Gunn v. Univ. Comm. to End War in Viet Nam, 399 U.S. 383, 389 (1970) ("An injunctive order is an extraordinary writ . . . ."). "For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Sw. Stainless, LP v. Sappington, 582 F.3d 1176, 1191 (10th Cir. 2009) (quoting Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 822 (10th Cir. 2007)). The party requesting the permanent injunction bears the burden on all four elements. See id.; see also Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003) ("A party requesting a permanent injunction bears the burden of showing: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.").

### 2. Discussion

Senator Ortiz y Pino wholly fails to identify the standard governing permanent injunctions, much less apply it to the facts of this case. Although Senator Ortiz y Pino argues the merits of the his claim, see ECF No. 28 at 9-19, ECF No. 36 at 2-12, he fails entirely to argue or establish (1) irreparable harm absent an injunction, (2) that the threatened injury outweighs the harm an injunction may cause the opposing party, or (3) that the injunction, if issued, will not adversely affect the public interest. Because Senator Ortiz y Pino failed to prove these elements, he is not entitled to a permanent injunction on his as-applied claim.[11] See Daye v. Cmty. Fin. Loan Serv. Ctrs., LLC, 280 F. Supp. 3d 1222, 1260 (D.N.M. 2017) (denying permanent injunction where plaintiff failed to establish irreparable injury absent an injunction); Schell v. OXY USA, Inc., 822 F. Supp. 2d 1125, 1143 (D. Kan. 2011) (denying permanent injunction where plaintiff failed to establish irreparable injury absent an injunction and that the threatened injury outweighed the harm the injunction may cause the opposing party). Therefore, his Motion for Permanent Injunction and Declaratory Judgment is **DENIED**.

### c. Order to Show Cause

The only claim that remains is Senator Ortiz y Pino's claim that Section 1-19-29.1(A)(4) is unconstitutional as applied to him. See Section III(a)(3), supra. With regard to this claim, the Complaint seeks a "temporary restraining order requiring Secretary Toulouse Oliver to withdraw her enforcement action against Senator Ortiz y Pino with the State Ethics Commission and the

---

[11] Because Senator Ortiz y Pino's failure to establish the other three requirements for a permanent injunction requires denial of his Motion, the Court makes no finding as to whether Senator Ortiz y Pino has proven actual success on the merits. However, it is questionable whether Senator Ortiz y Pino can establish actual success on the merits considering the Court's statement in the Preliminary Injunction Order that it "is inclined to agree with Secretary Toulouse Oliver that Senator Ortiz y Pino's $200 donation to Ms. Alvarado is not speech under [the Johnson] definition . . . ." ECF No. 25 at 15.

Attorney General's office[,]" "[a]ttorneys' fees pursuant to 42 U.S.C. § 1988[,]" [c]osts of litigation[,]" and "[a]ny other relief pursuant to F.R.C.P. 54(c)."  ECF No. 1 at 8.  Senator Ortiz y Pino does not seek damages or a declaration that Section 1-19-29.1(A)(4) is unconstitutional as applied to him.  See ECF No. 1 at 8; ECF No. 28 at 8 ("Rather than seeking money damages, Senator Ortiz y Pino simply wants to clear his good name by having these two referrals withdrawn.").  Nor does he request a permanent injunction as a remedy for his as-applied claim. See id.  However, for present purposes the Court will assume, without deciding, that the Court has the authority to grant a permanent injunction on the as-applied claim, if meritorious.  See Fed. R. Civ. P. 54(c) (providing that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

"For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."  Sappington, 582 F.3d at 1191 (quoting Wagnon, 476 F.3d at 822).

In its Preliminary Injunction Order, the Court found that Senator Ortiz y Pino failed to establish irreparable harm supporting an injunction requiring Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office.  ECF No. 25 at 22-23.  Specifically, it found: (1) "Senator Oritz y Pino has offered no evidence or argument supporting a finding that his reputation has been or may be injured; and in any event, reputational injury can be remedied through damages and is therefore not "irreparable[,]" id. at 22 (citing Hunter, 614 F. App'x at 963; Schrier, 427 F.3d at 1266-67); (2) "the limitations period for criminal enforcement by the Attorney General has expired," id.; and (3)

"the Ethics Commission has stated that it will not be instituting civil enforcement proceedings[,]" id.

Even if Senator Ortiz y Pino could establish actual success on the merits—i.e., that Section 1-19-29.1(A)(4) is unconstitutional as applied to him—there is nothing in the briefing currently before the Court that establishes irreparable injury. Senator Ortiz y Pino has still not argued that any alleged reputational injury is irreparable, and, indeed, the Supreme Court and Tenth Circuit have held that reputational injury is <u>not</u> irreparable. <u>See</u> <u>Sampson v. Murray</u>, 415 U.S. 61, 91-92 (1974); <u>Schrier</u>, 427 F.3d at 1266-67; <u>Hunter</u>, 614 F. App'x at 963; <u>see also</u> <u>Off. of Personnel Mgmt. v. Am. Fed'n of Gov't Emps., AFL-CIO</u>, 473 U.S. 1301, 1304 n.6 (1985). And it is undisputed that the limitations period for criminal enforcement by the Attorney General has expired, and that the Ethics Commission has confirmed in writing that it will not be instituting civil enforcement proceedings. ECF No. 28 at 7 ¶¶ 22-23; ECF No. 33 ¶¶ 22-23. Additionally, even if Senator Ortiz y Pino could establish irreparable harm, in the briefing before the Court Senator Ortiz y Pino has not argued or established that the threatened injury outweighs the harm that the injunction may cause Secretary Toulouse Oliver or that the injunction, if issued, will not adversely affect the public interest. <u>See</u> Section III(b)(2), <u>supra</u>. Consequently, it appears that Senator Ortiz y Pino may not be entitled to injunctive relief on the as-applied claim.

If Senator Ortiz y Pino is not entitled to injunctive relief, it further appears that the as-applied claim—the only remaining claim—is moot. "[A] case is moot if a court cannot provide 'effectual relief.'" <u>BioDiversity Conservation All. v. Bureau of Land Mgmt.</u>, 608 F.3d 709, 713 (10th Cir. 2010) (quoting <u>Chihuahuan Grasslands All. v. Kempthorne</u>, 545 F.3d 884, 891 (10th Cir. 2008)). <u>See also</u> <u>Salgado v. Fed. Bureau of Prisons</u>, 220 F. App'x 256, 257 (5th Cir. 2007) ("[A]n action is moot when the court cannot grant the relief requested by the moving party."); <u>Jowers v.</u>

Warden, Case No. 5:18-cv-53-MCR/MJF, 2019 WL 2587812, at *2 (N.D. Fla. May 28, 2019) (stating that a civil action "is moot when the court cannot grant the relief requested"). Although Senator Ortiz y Pino also requests attorneys' fees under 42 U.S.C. § 1988 and "[c]osts of litigation[,] see ECF No. 1 at 8, fees under Section 1988 and costs under Rule 54(d) may only be awarded to a "prevailing party." If Senator Ortiz y Pino is not entitled to injunctive relief, it is unlikely that Senator Ortiz y Pino would be entitled to "prevailing party" attorneys' fees under 42 U.S.C. § 1988 or costs under Rule 54(d). See Farrar v. Hobby, 506 U.S. 103, 112 (1992) ("To be sure, a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." (quoting Hewitt v. Helms, 482 U.S. 755, 762 (1987))); Lintz v. Am. Gen. Fin., Inc., 203 F.R.D. 486, 487-88 (D. Kan. 2001) (finding that one plaintiff was not a "prevailing party" entitled to an award of costs or attorney's fees under Rule 54(d) because even though the jury found that the defendants were liable to the plaintiff for sexual harassment, the jury awarded the plaintiff no damages or other relief, and the plaintiff's "failure to obtain any relief whatsoever rendered her ineligible for prevailing party status and ineligible for an award of attorneys' fees" or costs under Rule 54(d)); see also Garcia v. Hinkle, Civil Action No. 7:13cv00585, 2014 WL 3778536, at *3 (W.D. Va. July 30, 2014) (finding that the plaintiff's claims were moot because he only requested injunctive relief and court costs, the court could no longer provide injunctive relief, and "[t]he Supreme Court . . . has warned lower courts 'to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncement on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs'" (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990))). If the Court cannot grant injunctive relief, attorneys fees, or costs, it

appears that the Court cannot provide effectual relief, mooting the remaining claim.  See BioDiversity, 608 F.3d at 713.

Accordingly, Senator Ortiz y Pino shall have **TWENTY-ONE DAYS** from the date of this Order to **SHOW CAUSE** why the sole remaining claim should not be dismissed as moot in light of the considerations outlined above.[12, 13]  Secretary Toulouse Oliver shall have **FOURTEEN DAYS** to file a response thereto.  In the event Senator Ortiz y Pino ultimately demonstrates that this case is not moot, the Court will grant Secretary Toulouse Oliver leave to file a motion for summary judgment regarding Senator Ortiz y Pino's as-applied challenge to Section 1-19-29.1(A)(4).

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Secretary Toulouse Oliver's Motion for Summary Judgment is **GRANTED**;

2. Senator Ortiz y Pino's Motion for Permanent Injunction and Declaratory Judgment is **DENIED**;

3. Senator Ortiz y Pino shall have twenty-one days from the date of this Order to **SHOW CAUSE** why his as-applied challenge to Section 1-19-29.1(A)(4) should not be dismissed as moot; and

---

[12]    Senator Ortiz y Pino need not address whether he can prove actual success on the merits of his as-applied claim.  Rather, the response shall address whether, assuming he prevails on the merits of his as-applied claim: (1) he can prove the other three requirements for a permanent injunction; and if not, (2) whether the Court can otherwise grant effectual relief.

[13]    If Senator Ortiz y Pino agrees that the Court cannot provide effectual relief on his as-applied claim, he may withdraw or voluntarily dismiss the claim and request that the Court enter a final order or judgment.  If Senator Ortiz y Pino fails to respond to the Order to Show Cause, the Court will dismiss the as-applied claim as moot and enter final judgment.

4.  Secretary Toulouse Oliver shall file a Notice on the docket after she dismisses her appeal
    of the Preliminary Injunction Order to notify the Court that it has jurisdiction to enter an
    Order dissolving the Preliminary Injunction.


_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE