IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD ORTIZ Y PINO,

    Plaintiff,

v.

                                              Case No. 1:24-cv-00240-MIS-JFR

MAGGIE TOULOUSE OLIVER,
in her Official Capacity as
Secretary of State,

    Defendant.

## INDICATIVE RULING ON DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

THIS MATTER is before the Court on Defendant's Motion to Dissolve Preliminary Injunction, ECF No. 44, filed January 27, 2025.

On October 28, 2024, the Court issued an Order granting in part and denying in part Plaintiff's Motion for Preliminary Injunction, finding, inter alia, that Plaintiff was likely to succeed on the merits of his facial overbreadth challenge to New Mexico's Campaign Reporting Act ("Preliminary Injunction Order"). ECF No. 25. Defendant filed an interlocutory appeal of the Preliminary Injunction Order which remains pending in the Tenth Circuit Court of Appeals. ECF No. 30.

On January 17, 2025, the Court issued an Order granting Defendant's Motion for Summary Judgment, finding, inter alia, that Defendant is entitled to summary judgment on Plaintiff's facial overbreadth challenge, and ordering Plaintiff to show cause why his as-applied challenge should not be dismissed as moot ("Summary Judgment Order"). ECF No. 42. To date, the show cause deadline has not expired and the Court has not entered final judgment.

The Court's Summary Judgment Order also instructed Defendant to "file a Notice on the docket after she dismisses her appeal of the Preliminary Injunction Order to notify the Court that it has jurisdiction to enter an Order dissolving the Preliminary Injunction." Id. at 29. On January 27, 2025, Defendant filed the instant Motion to Dissolve Preliminary Injunction. ECF No. 44. Although it requests that the Court enter an order dissolving the Preliminary Injunction, it does not indicate that Defendant has dismissed her appeal of the Preliminary Injunction Order.

"Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits." Free Speech v. Fed. Election Comm'n, 720 F.3d 788, 791 (10th Cir. 2013). However, prior to entry of final judgment—which automatically dissolves a preliminary injunction, Su v. Ascent Constr., Inc., 104 F.4th 1240, 1246 (10th Cir. 2024)—it is unclear whether a district court has jurisdiction to dissolve a preliminary injunction that is pending in the court of appeals on interlocutory appeal—even if the district court has since granted the defendant-appellant summary judgment on the merits. See generally 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3921.2 (3d ed. 2024) (suggesting that a district court should be able to dissolve a preliminary injunction that is on interlocutory appeal under certain circumstances, but acknowledging that existing case law may not support that conclusion).

Defendant has not cited, and the Court has not found, any authority holding that a district court has jurisdiction to dissolve a preliminary injunction that is pending in the court of appeals on interlocutory appeal prior to entry of final judgment. That is why the Court instructed Defendant to file a Notice on the docket after she dismisses her appeal of the Preliminary Injunction Order "to notify the Court that it has jurisdiction to enter an Order dissolving the

2

Preliminary Injunction." ECF No. 42 at 29. Without any such authority, the Court will not issue an order dissolving the Preliminary Injunction while it is pending in the court of appeals.

However, Rule 62.1 states: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). Pursuant to this Rule, and in an effort to conserve judicial resources, the Court states that it would grant Defendant's Motion to Dissolve Preliminary Injunction if the Court of Appeals remands for that purpose.[1]

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Rule 62.1(b), Defendant "must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" of this Indicative Ruling.