IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD ORTIZ Y PINO,

    Plaintiff,

v.

                                                                   Case No. 1:24-cv-00240-MIS-JFR

MAGGIE TOULOUSE OLIVER,
in her Official Capacity as
Secretary of State,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

**THIS MATTER** is before the Court on Defendant Maggie Toulouse Oliver's Motion to Dissolve Preliminary Injunction, filed January 27, 2025. ECF No. 44. Plaintiff Gerald Ortiz y Pino filed a Response on February 11, 2025, ECF No. 52, to which Defendant filed a Reply on February 24, 2025, ECF No. 56. For the reasons that follow, the Court will **GRANT** the Motion.

**I.    Relevant Background**

At all times relevant to the Complaint, Plaintiff Gerald Ortiz y Pino ("Senator Ortiz y Pino") was a New Mexico State Senator, ECF No. 1 ¶ 4, and Defendant Maggie Toulouse Oliver ("Secretary Toulouse Oliver") was the New Mexico Secretary of State, id. ¶ 5. On January 19, 2021, Senator Ortiz y Pino used his campaign funds to make a $200 donation to high school student Ariana Alvarado "to support her academic endeavors so she could participate in a week-long, out-of-state summer workshop . . . for high school students." Id. ¶ 7. He reported this expenditure to the Secretary of State's office as a "donation to scholarship fund" and did not identify it as an "expenditure of the campaign." Aff. of Mandy Vigil, ECF No. 29-1 ¶ 7. The Secretary of State's office determined that the donation was not permissible under Section 1-19-29.1(A)(4) of New

Mexico's Campaign Reporting Act ("CRA"), N.M. Stat. Ann. § 1-19-29.1(A)(4).  ECF No. 1 ¶¶ 8-9.  Secretary Toulouse Oliver asked Senator Ortiz y Pino to reimburse the campaign funds he used for the donation to Ms. Alvarado with non-campaign money, but Senator Ortiz y Pino refused.  See id. ¶¶ 11-12.  Thus, Secretary Toulouse Oliver included Senator Ortiz y Pino's donation to Ms. Alvarado on an annual report that was forwarded to the State Ethics Commission and the Attorney General for enforcement.  Letter from Anastacio F. Trujillo, Disclosure Auditor, Bureau of Elections, Sec'y of State, to Gerald Ortiz y Pino (Feb. 20, 2024), ECF No. 1-3.

On March 8, 2024, Senator Ortiz y Pino initiated this lawsuit by filing a one-count Complaint titled "Violation of the First Amendment."  ECF No. 1 at 6.

On May 16, 2024, Senator Ortiz y Pino filed a Motion for Preliminary Injunction stating that he is asserting a "facial constitutional challenge to Section 1-19-29.1(A)(4)" of New Mexico's Campaign Reporting Act ("CRA").  ECF No. 10 at 6.  Based on this representation and other submissions Senator Ortiz y Pino made to the Court, the Court construed the claim as a facial overbreadth challenge to Section 1-19-29.1(A)(4).  See ECF No. 25 at 11.

On October 28, 2024, the Court issued an Order Granting in Part and Denying in Part Senator Ortiz y Pino's Motion for Preliminary Injunction ("Preliminary Injunction Order").  ECF No. 25.  As relevant here, the Court found that Senator Ortiz y Pino demonstrated a substantial likelihood of success on the merits of his facial overbreadth challenge to Section 1-19-29.1(A)(4) (and that the remaining factors weighed in his favor), and enjoined Secretary Toulouse Oliver from referring a campaign fund's charitable expenditure to an individual to the State Ethics Commission or the Attorney General's Office for civil and/or criminal enforcement.  Id. at 16-25.

Secretary Toulouse Oliver appealed the Court's Preliminary Injunction Order.  See ECF No. 30.

On November 19, 2024, Senator Ortiz y Pino filed a Motion for Permanent Injunction and Declaratory Judgment. ECF No. 28.

On November 22, 2024, Secretary Toulouse Oliver filed a Motion for Summary Judgment on the facial overbreadth challenge.[1] ECF No. 29.

On January 17, 2025, the Court issued an Order granting Secretary Toulouse Oliver's Motion for Summary Judgment, finding, <u>inter alia</u>, that Secretary Toulouse Oliver is entitled to summary judgment on the facial overbreadth claim ("Summary Judgment Order").[2] ECF No. 42 at 22. The Court also denied Senator Ortiz y Pino's Motion for Permanent Injunction and Declaratory Judgment. <u>Id.</u> at 24. The Court's Summary Judgment Order instructed Secretary Toulouse Oliver to "file a Notice on the docket after she dismisses her appeal of the Preliminary Injunction Order to notify the Court that it has jurisdiction to enter an Order dissolving the Preliminary Injunction." <u>Id.</u> at 29.

On January 27, 2025, Secretary Toulouse Oliver filed the instant Motion to Dissolve Preliminary Injunction. ECF No. 44. However, she did not indicate that she dismissed her appeal of the Preliminary Injunction Order, and the Tenth Circuit's docket reflected that she had not dismissed the appeal.

---

[1] In his Response to Secretary Toulouse Oliver's Motion for Summary Judgment, Senator Ortiz y Pino represented for the first time that he was asserting an as-applied challenge to Section 1-19-29.1(A)(4) in addition to his facial overbreadth challenge. <u>See</u> ECF No. 34 at 2. In her Reply, Secretary Toulouse Oliver argued that the Complaint does <u>not</u> assert an as-applied challenge to the CRA. ECF No. 38 at 1-2.

[2] The Court further found that "the Complaint can reasonably be construed to assert both an as-applied and facial challenge to Section 1-19-29.1(A)(4)[,]" ECF No. 42 at 16, but that "Secretary Toulouse Oliver reasonably believed that Senator Ortiz y Pino was asserting only a facial overbreadth challenge[,]" <u>id.</u> at 17. <u>See also id.</u> at 17-19. After finding that Secretary Toulouse Oliver was entitled to summary judgment on the facial overbreadth claim, the Court ordered Senator Ortiz y Pino to show cause why his as-applied challenge should not be dismissed as moot. <u>Id.</u> at 22. The Court stated that it would permit the Secretary to file a separate motion for summary judgment addressing the as-applied challenge, if necessary following Senator Ortiz y Pino's Response to the Court's Order to Show Cause. <u>Id.</u> at 19; <u>see also id.</u> at 22, 28. Senator Ortiz y Pino responded to the order to show cause on February 11, 2025. ECF No. 52. The Court has not yet issued an order regarding whether the as-applied challenge is moot.

On January 30, 2025, the Court issued an Indicative Ruling on Defendant's Motion to Dissolve Preliminary Injunction. ECF No. 45. Therein, the Court noted that "Defendant has not cited, and the Court has not found, any authority holding that a district court has jurisdiction to dissolve a preliminary injunction that is pending in the court of appeals on interlocutory appeal prior to entry of final judgment." Id. at 2. However, pursuant to Federal Rule of Civil Procedure 62.1, the Court issued an indicative ruling stating "that it would grant Defendant's Motion to Dissolve Preliminary Injunction if the Court of Appeals remands for that purpose." Id. at 3.

On February 11, 2025, the Tenth Circuit Court of Appeals issued an Order remanding Secretary Toulouse Oliver's appeal to this Court "for the limited purpose of considering Secretary Oliver's pending Motion to Dissolve Preliminary Injunction." ECF No. 51 at 2.

## II.   Discussion

Secretary Toulouse Oliver argues that the Court issued the preliminary injunction based upon a finding that Senator Ortiz y Pino had shown a substantial likelihood of success on the merits of his facial overbreadth claim, but the Court has now granted summary judgment in favor of Secretary Toulouse Oliver on the facial overbreadth claim. See id. at 2. Thus, she argues that the Court should dissolve the preliminary injunction. Id. at 3.

The Court agrees. The Court issued a preliminary injunction based upon a finding that Senator Ortiz y Pino was substantially likely to succeed on the merits of his facial overbreadth challenge to Section 1-19-29.1(A)(4). ECF No. 25 at 19. The Court ultimately found that Secretary Toulouse Oliver is entitled to judgment on the merits of the facial overbreadth claim.[3] ECF No. 42 at 19-22. As such, dissolution of the preliminary injunction is appropriate.

---

[3] The Court ultimately endorsed Secretary Toulouse Oliver's argument that any charitable expenditure that qualifies as campaign speech or political speech is a permissible "expenditure[] of the campaign" under Section 1-19-29.1(A)(1), and, therefore, is not prohibited by Section 1-19-29.1(A)(4). See ECF No. 42 at 21. Secretary

4

In his Response, Senator Ortiz y Pino's arguments go to the merits of his facial overbreadth challenge, not to whether a preliminary injunction entered in favor of the plaintiff should be dissolved after the defendant prevails on the merits. As such, his arguments are irrelevant to the issue at bar and/or untimely.

Three of Senator Ortiz y Pino's arguments are irrelevant even to the merits of his claims. He initially argues that the Court's Summary Judgment Order ignored the reasons the Court found that he was likely to succeed on the merits of his facial overbreadth claim at the preliminary injunction stage—specifically, that Section 1-19-29.1(A)(4) likely does not satisfy strict scrutiny. ECF No. 52 at 1-3. However, he fails to argue or establish that the standard the Court applied at the summary judgment stage—the standard for First Amendment facial challenges recently elucidated in Moody v. NetChoice, LLC, 603 U.S. 707, 723 (2024) (stating that the standard that applies to facial challenges based on the First Amendment "is whether 'a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep'") (quoting Ams. for Prosperity Found. v. Bonta, 594 U.S. 595, 615 (2021))—was erroneous. "Courts apply 'strict scrutiny' to content-based restrictions on speech and laws that burden political expression." La Union del Pueblo Entero v. Abbott, __ F. Supp. 3d __, 5:21-CV-0844-XR, 2024 WL 4337515, at *26 (W.D. Tex. Sept. 28, 2024) (citing Reed v. Town of Gilbert, 576 U.S. 155, 163-64 (2015); Meyer v. Grant, 486 U.S. 414, 420 (1988)). In its Summary Judgment Order, the Court found that Section 1-19-29.1(A)(4) is not a content-based restriction

---

Toulouse Oliver did not make this argument in her Response to Senator Ortiz y Pino's Motion for Preliminary Injunction; and while counsel for Secretary Toulouse Oliver did make this argument in passing during the preliminary injunction hearing, see Tr. of Prelim. Inj. Hr'g, ECF No. 40 at 55:5-10, the Court did not appreciate its import until it was further developed in the briefing on the Motion for Summary Judgment. As mentioned in the Court's Summary Judgment Order, ECF No. 42 at 21 n.8, had the argument been more developed during the preliminary injunction stage, the Court likely would have endorsed it at that time and denied Senator Ortiz y Pino's Motion for Preliminary Injunction.

on speech because "Section 1-19-29.1(A)(4) is <u>not a restriction on speech</u>." ECF No. 42 at 22. It also found that Section 1-19-29.1(A)(4) does not burden political expression. <u>Id.</u> at 21 (finding that "<u>if</u> a charitable donation from campaign funds to an individual or non-501(c)(3) entity constitutes campaign speech or political speech, it is a permissible expenditure under 1-19-29.1(A)(1) and is <u>not</u> prohibited by Section 1-19-29.1(A)(4)" and therefore "the Court can think of <u>no</u> applications of Section 1-19-29.1(A)(4) that violate a candidate's First Amendment rights") (footnote omitted). Because strict scrutiny does not apply to Plaintiff's First Amendment facial overbreadth claim, the Court's findings in that regard at the preliminary injunction stage were misguided. For the same reason, Senator Ortiz y Pino's arguments in "Point 2"—regarding "narrow tailoring"—and "Point 3"—regarding the "no set of circumstances" test—are inapposite. These tests are not part of the standard that applies to Senator Ortiz y Pino's facial overbreadth claims. <u>See</u> <u>id.</u>

  Finally, in "Point 1," Senator Ortiz y Pino argues that the Court's Summary Judgment Order "rests primarily on the conclusion 'that the New Mexico Secretary of State 'considers any funds spent for the purpose of conveying the political viewpoints of a candidate or publicizing their candidacy to be permissible 'expenditures of the campaign.'" ECF No. 52 at 3. He argues that this finding grants Secretary Toulouse Oliver unconstitutional discretion to determine what is and is not protected First Amendment speech. <u>Id.</u> (citing <u>United States v. Stevens</u>, 559 U.S. 460, 480 (2010); <u>McDonnell v. United States</u>, 579 U.S. 550, 576 (2016)). This argument is (a) untimely and (b) without merit.

  As an initial matter, this argument should have been made (if at all) in Senator Ortiz y Pino's Response to Secretary Toulouse Oliver's Motion for Summary Judgment. In the Motion's "Statement of Undisputed Facts," Secretary Toulouse Oliver stated: "The Secretary considers any

6

funds spent for the purpose of conveying the political viewpoints of a candidate or publicizing their candidacy to be permissible 'expenditures of the campaign.'" ECF No. 29 at 4 ¶ 14 ("Fact 14"). In his Response to the Motion for Summary Judgment, Senator Ortiz y Pino did not dispute this fact (or otherwise address it). See ECF No. 34 at 19. Nor did he respond to Secretary Toulouse Oliver's argument that the CRA broadly defines "expenditures" and that, under New Mexico law, "[a]ny speech act made by a campaign that was in furtherance of the political speech of that campaign or candidate would be an expenditure of the campaign and thus permissible under the CRA." ECF No. 29 at 8. If Senator Ortiz y Pino takes issue with Fact 14 or with the argument that New Mexico's broad definition of "expenditures" includes any speech act made by a campaign, he should have raised it in his Response to the Motion for Summary Judgment, not in his Response to the Motion to Dissolve Preliminary Injunction.

Regardless, Senator Ortiz y Pino's untimely argument is based on a faulty premise. To be clear, the Court concluded that any expenditure made in furtherance of conveying a campaign or candidate's political message is an "expenditure of the campaign" based on New Mexico's broad definition of "expenditure," see N.M. Code § 1.10.13.25(B)(2), not on the fact that Secretary Toulouse Oliver considers it to be an expenditure of the campaign. The Court emphasized the fact that Secretary Toulouse Oliver considers such spending to be an expenditure of the campaign because it was undisputed, not because it was dispositive. The fact that Secretary Toulouse Oliver considers such spending to be an expenditure of the campaign is incidental and, in this Court's view, a correct interpretation of New Mexico law.

In sum, having found that Secretary Toulouse Oliver is entitled to judgment on Senator Ortiz y Pino's facial overbreadth challenge, the preliminary injunction should be dissolved.

7

III. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Motion to Dissolve Preliminary Injunction (ECF No. 44) is **GRANTED**; and

2. The Preliminary Injunction issued October 28, 2024 (ECF No. 25) is **DISSOLVED**.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE