## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GERALD ORTIZ Y PINO,

      Plaintiff,

v.

                                        Case No. 1:24-cv-00240-MIS-JFR

MAGGIE TOULOUSE OLIVER,
in her Official Capacity as
Secretary of State,

      Defendant.

## ORDER QUASHING ORDER TO SHOW CAUSE AND PROVIDING DEFENDANT TWENTY-ONE DAYS TO FILE A MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF'S AS-APPLIED CHALLENGE TO N.M. STAT. ANN. § 1-19-29.1(A)(4)

      **THIS MATTER** is before the Court on Plaintiff's Response to Order to Show Cause, filed February 7, 2025.  ECF No. 46.  Defendant filed a Reply on February 24, 2025.  ECF No. 58.  For the reasons that follow, the Court **QUASHES** the Order to Show Cause and grants Defendant leave to file a motion for summary judgment regarding Plaintiff's as-applied challenge to N.M. Stat. Ann. § 1-19-29.1(A)(4) within **TWENTY-ONE DAYS** of the date of this Order.

## I.      Relevant Background

      The Court writes only for the Parties and assumes the reader's familiarity with the facts and procedural history of this case.

      Briefly, on March 8, 2024, Senator Ortiz y Pino initiated this lawsuit by filing a one-count Complaint titled "Violation of the First Amendment."  ECF No. 1 at 6.  On May 16, 2024, Senator Ortiz y Pino filed a Motion for Preliminary Injunction stating that he is asserting a "facial constitutional challenge to Section 1-19-29.1(A)(4)" of New Mexico's Campaign Reporting Act ("CRA").  ECF No. 10 at 6.  Based on this representation and other submissions Senator Ortiz y

Pino made to the Court, the Court construed the claim as a facial overbreadth challenge to Section 1-19-29.1(A)(4).  See ECF No. 25 at 11.  The Court ultimately granted in part and denied in part the Motion for Preliminary Injunction ("Preliminary Injunction Order").  ECF No. 25.

On November 19, 2024, Senator Ortiz y Pino filed a Motion for Permanent Injunction and Declaratory Judgment.  ECF No. 28.

On November 22, 2024, Secretary Toulouse Oliver filed a Motion for Summary Judgment on Plaintiff's facial overbreadth challenge.  ECF No. 29.  In his Response to Secretary Toulouse Oliver's Motion for Summary Judgment, Senator Ortiz y Pino represented for the first time that he was asserting an as-applied challenge to Section 1-19-29.1(A)(4) in addition to his facial overbreadth challenge.  See ECF No. 34 at 2.  In her Reply, Secretary Toulouse Oliver argued that the Complaint does not assert an as-applied challenge to the CRA.  ECF No. 38 at 1-2.

On January 17, 2025, the Court issued an Order granting Secretary Toulouse Oliver's Motion for Summary Judgment and denying Senator Ortiz y Pino's Motion for Permanent Injunction and Declaratory Judgment, finding, inter alia, that Secretary Toulouse Oliver is entitled to summary judgment on Plaintiff's facial overbreadth challenge to N.M. Stat. Ann. § 1-19-29.1(A)(4).  ECF No. 42 at 22.  The Court further found that "the Complaint can reasonably be construed to assert both an as-applied and facial challenge to Section 1-19-29.1(A)(4)[,]" ECF No. 42 at 16, but that "Secretary Toulouse Oliver reasonably believed that Senator Ortiz y Pino was asserting only a facial overbreadth challenge[,]" id. at 17.  See also id. at 17-19.

After finding that Secretary Toulouse Oliver was entitled to summary judgment on the facial overbreadth claim, the Court ordered Senator Ortiz y Pino to show cause why his as-applied challenge should not be dismissed as moot.  Id. at 24-28.  Specifically, the Court stated:

With regard to this [as-applied] claim, the Complaint seeks a "temporary restraining order requiring Secretary Toulouse Oliver to withdraw her enforcement action against Senator Ortiz y Pino with the State Ethics Commission and the Attorney General's office[,]" "[a]ttorneys' fees pursuant to 42 U.S.C. § 1988[,]" "[c]osts of litigation[,]" and "[a]ny other relief pursuant to F.R.C.P. 54(c)." ECF No. 1 at 8. Senator Ortiz y Pino does not seek damages or a declaration that Section 1-19-29.1(A)(4) is unconstitutional as applied to him. See ECF No. 1 at 8; ECF No. 28 at 8 ("Rather than seeking money damages, Senator Ortiz y Pino simply wants to clear his good name by having these two referrals withdrawn."). Nor does he request a permanent injunction as a remedy for his as-applied claim. See id. However, for present purposes the Court will assume, without deciding, that the Court has the authority to grant a permanent injunction on the as-applied claim, if meritorious. See Fed. R. Civ. P. 54(c) (providing that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

"For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Sappington, 582 F.3d at 1191 (quoting Wagnon, 476 F.3d at 822).

In its Preliminary Injunction Order, the Court found that Senator Ortiz y Pino failed to establish irreparable harm supporting an injunction requiring Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office. ECF No. 25 at 22-23. Specifically, it found: (1) "Senator Or[ti]z y Pino has offered no evidence or argument supporting a finding that his reputation has been or may be injured; and in any event, reputational injury can be remedied through damages and is therefore not "irreparable[,]" id. at 22 (citing Hunter, 614 F. App'x at 963; Schrier, 427 F.3d at 1266-67); (2) "the limitations period for criminal enforcement by the Attorney General has expired," id.; and (3) "the Ethics Commission has stated that it will not be instituting civil enforcement proceedings[,]" id.

Even if Senator Ortiz y Pino could establish actual success on the merits—i.e., that Section 1-19-29.1(A)(4) is unconstitutional as applied to him—there is nothing in the briefing currently before the Court that establishes irreparable injury. Senator Ortiz y Pino has still not argued that any alleged reputational injury is irreparable, and, indeed, the Supreme Court and Tenth Circuit have held that reputational injury is not irreparable. See Sampson v. Murray, 415 U.S. 61, 91-92 (1974); Schrier, 427 F.3d at 1266-67; Hunter, 614 F. App'x at 963; see also Off. of Personnel Mgmt. v. Am. Fed'n of Gov't Emps., AFL-CIO, 473 U.S. 1301, 1304 n.6 (1985). And it is undisputed that the limitations period for criminal enforcement by the Attorney General has expired, and that the Ethics Commission has confirmed in writing that it will not be instituting civil enforcement proceedings. ECF No. 28 at 7 ¶¶ 22-23;

ECF No. 33 ¶¶ 22-23.  Additionally, even if Senator Ortiz y Pino could establish irreparable harm, in the briefing before the Court Senator Ortiz y Pino has not argued or established that the threatened injury outweighs the harm that the injunction may cause Secretary Toulouse Oliver or that the injunction, if issued, will not adversely affect the public interest.  See Section III(b)(2), supra. Consequently, it appears that Senator Ortiz y Pino may not be entitled to injunctive relief on the as-applied claim.

If Senator Ortiz y Pino is not entitled to injunctive relief, it further appears that the as-applied claim—the only remaining claim—is moot.  "[A] case is moot if a court cannot provide 'effectual relief.'"  BioDiversity Conservation All. V. Bureau of Land Mgmt., 608 F.3d 709, 713 (10th Cir. 2010) (quoting Chihuahuan Grasslands All. V. Kempthorne, 545 F.3d 884, 891 (10th Cir. 2008)).  See also Salgado v. Fed. Bureau of Prisons, 220 F. App'x 256, 257 (5th Cir. 2007) ("[A]n action is moot when the court cannot grant the relief requested by the moving party."); Jowers v. Warden, Case No. 5:18-cv-53-MCR/MJF, 2019 WL 2587812, at *2 (N.D. Fla. May 28, 2019) (stating that a civil action "is moot when the court cannot grant the relief requested").  Although Senator Ortiz y Pino also requests attorneys' fees under 42 U.S.C. § 1988 and "[c]osts of litigation[,] see ECF No. 1 at 8, fees under Section 1988 and costs under Rule 54(d) may only be awarded to a "prevailing party."  If Senator Ortiz y Pino is not entitled to injunctive relief, it is unlikely that Senator Ortiz y Pino would be entitled to "prevailing party" attorneys' fees under 42 U.S.C. § 1988 or costs under Rule 54(d).  See Farrar v. Hobby, 506 U.S. 103, 112 (1992) ("To be sure, a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." (quoting Hewitt v. Helms, 482 U.S. 755, 762 (1987))); Lintz v. Am. Gen. Fin., Inc., 203 F.R.D. 486, 487-88 (D. Kan. 2001) (finding that one plaintiff was not a "prevailing party" entitled to an award of costs or attorney's fees under Rule 54(d) because even though the jury found that the defendants were liable to the plaintiff for sexual harassment, the jury awarded the plaintiff no damages or other relief, and the plaintiff's "failure to obtain any relief whatsoever rendered her ineligible for prevailing party status and ineligible for an award of attorneys' fees" or costs under Rule 54(d)); see also Garcia v. Hinkle, Civil Action No. 7:13cv00585, 2014 WL 3778536, at *3 (W.D. Va. July 30, 2014) (finding that the plaintiff's claims were moot because he only requested injunctive relief and court costs, the court could no longer provide injunctive relief, and "[t]he Supreme Court . . . has warned lower courts 'to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncement on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs'" (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990))).  If the Court cannot grant injunctive relief, attorneys fees, or costs, it appears that the Court cannot provide effectual relief, mooting the remaining claim.  See BioDiversity, 608 F.3d at 713.

Id. Accordingly, the Court provided Senator Ortiz y Pino twenty-one days to show cause why the as-applied claim should not be dismissed as moot. Id. at 28. In a footnote, the Court stated:

> Senator Ortiz y Pino need not address whether he can prove actual success on the merits of his as-applied claim. Rather, the response shall address whether, assuming he prevails on the merits of his as-applied claim: (1) he can prove the other three requirements for a permanent injunction; and if not, (2) whether the Court can otherwise grant effectual relief.

Id. at 28 n.12. The Court's Order further stated that it would permit Secretary Toulouse Oliver to file a separate motion for summary judgment addressing the as-applied challenge, if necessary following Senator Ortiz y Pino's Response to the Court's Order to Show Cause. Id. at 19; see also id. at 22, 28.

On February 7, 2025, Senator Ortiz y Pino filed a Response to the order to show cause arguing that he can prove the second, third, and fourth preliminary injunction factors; however, he did not argue that the Court can otherwise grant effectual relief should he fail to prove these factors. ECF No. 46. On February 28, 2025, Secretary Toulouse Oliver filed a Reply. ECF No. 58.

## II.    Discussion

The Court finds that assuming arguendo Senator Ortiz y Pino succeeds on the merits of his as-applied claim, it is at least possible that the second, third, and fourth factors weigh in favor of issuing a permanent injunction. For that reason alone, the Court is satisfied that the merits of the as-applied claim may proceed to the summary judgment stage. However, to be clear, this Order does not find that Senator Ortiz y Pino has established success on the merits of his as-applied claim, or that he has established that the second, third, and fourth factors weigh in favor of issuing a permanent injunction. The Court only finds that Senator Ortiz y Pino has made a sufficient showing that his as-applied claim should not be dismissed as moot at this stage.

### a.     Waiver

First, Senator Ortiz y Pino argues that Secretary Toulouse Oliver waived the second, third, and fourth permanent injunction factors by not raising them as issues in her Motion for Summary Judgment.  ECF No. 46 at 2.  The Court disagrees.  The first time Senator Ortiz y Pino ever represented that he was bringing an as-applied challenge to Section 1-19-29.1(A)(4) was in his Response to Secretary Toulouse Oliver's Motion for Summary Judgment.  ECF No. 34 at 2.  Thus, she had no reason to analyze the permanent injunction factors vis-à-vis an as-applied claim in her Motion for Summary Judgment.

Senator Ortiz y Pino also argues that Secretary Toulouse Oliver waived the second, third, and fourth permanent injunction factors by not raising them as issues in her Response to Senator Ortiz y Pino's Motion for Permanent Injunction and Declaratory Judgment.  ECF No. 46 at 2.  The Court again disagrees.  In his Motion for Permanent Injunction and Declaratory Judgment, Senator Ortiz y Pino wholly failed to identify the permanent injunction factors, much less apply them to the facts of this case.  Thus, if <u>anyone</u> has waived these issues for failure to raise them in prior briefing it is Senator Ortiz y Pino, who bears the burden of proving them.  <u>See</u> <u>eBay Inc. V.</u> <u>MercExchange, L.L.C.</u>, 547 U.S. 388, 391 (2006) (observing that a plaintiff seeking a permanent injunction bears the burden of satisfying the relevant factors).  In any event, because Senator Ortiz y Pino failed to raise these issues in his Motion, Secretary Toulouse Oliver cannot be said to have waived them by failing to address them in her Response to the Motion.

Furthermore, "injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  <u>Winter v. Nat. Res. Def. Council,</u> <u>Inc.</u>, 555 U.S. 7, 22 (2008).  <u>See also</u> <u>Shaw v. Jones</u>, 683 F. Supp. 3d 1205, 1251 (D. Kan. 2023) (describing a permanent injunction as "a drastic and extraordinary remedy which should not be

granted as a matter of course") (citing <u>Monsanto Co. v. Geertson Seed Farms</u>, 561 U.S. 139, 165 (2010)).  "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  <u>Id.</u> at 24 (quoting <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 542 (2008)) (discussing preliminary injunction standard).  As such, the Court is reluctant to find that a defendant waived its right to defend against the issuance of an injunction unless circumstances compel such a conclusion— circumstances absent in this case.

For these reasons, the Court finds that Secretary Toulouse Oliver did not waive argument on the second, third, and fourth permanent injunction factors vis-à-vis the as-applied claim.

### b.    Irreparable injury

Next, Senator Ortiz y Pino appears to argue that suffering a First Amendment violation is <u>ipso facto</u> irreparable injury.  ECF No. 46 at 4-5 (citing <u>Elrod v. Burns</u>, 427 U.S. 347, 373 (1976); <u>Roman Cath. Diocese of Brooklyn v. Cuomo</u>, 592 U.S. 14, 19 (2020)).  He further argues that he has suffered reputational injury justifying injunctive relief.  <u>Id.</u> at 6-7 (citing <u>F.C.C. v. Fox Television Stations, Inc.</u>, 567 U.S. 239, 255-56 (2012); <u>Planned Parenthood Ass'n of Utah v. Herbert</u>, 828 F.3d 1245, 1264 (10th Cir. 2016)).

Solely for purposes of resolving the issue of whether this case should proceed to the summary judgment stage, the Court finds that it is at least possible that suffering a First Amendment violation itself constitutes irreparable injury.  The Supreme Court has stated that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."  <u>Elrod</u>, 427 U.S. at 373.  "This principle comports with the wider view that 'the infringement of a constitutional right . . . require[s] no further showing of irreparable injury.'"  <u>NetChoice, LLC v. Reyes</u>, __ F. Supp. 3d __, 2024 WL 4135626, at *17 (D. Utah Sept. 10, 2024)

(quoting <u>Free the Nipple-Fort Collins v. City of Fort Collins</u>, 916 F.3d 792, 805 (10th Cir. 2019)). <u>See also</u> <u>Free the Nipple</u>, 916 F.3d at 806 (characterizing the "constitutional-violation-as-irreparable-injury principle" as "well-settled"). Thus, it is at least possible that success on the merits of Plaintiff's as-applied claim will necessarily establish irreparable injury. <u>See</u> <u>NetChoice, LLC</u>, 2024 WL 4135626, at *17 ("Because even brief First Amendment violations 'unquestionably constitute[ ] irreparable injury,' NetChoice has shown it will suffer irreparable harm absent a preliminary injunction."); <u>see also</u> <u>Planned Parenthood</u>, 828 F.3d at 1263 (holding that the fact that the plaintiff established a likelihood of success on the merits of its constitutional claim "standing alone, gives rise to an irreparable injury").

The Court need not and does not find that Plaintiff has established reputational injury justifying a permanent injunction.

### c.    Balancing of harms

Next, Senator Ortiz y Pino argues that the threatened injury outweighs the harm an injunction might cause Secretary Toulouse Oliver. ECF No. 46 at 8.

Solely for purposes of resolving the issue of whether this case should proceed to the summary judgment stage, the Court finds that it is at least possible that injury to Senator Ortiz y Pino's First Amendment rights outweighs any harm an injunction might cause Secretary Toulouse Oliver. Senator Ortiz y Pino seeks a permanent injunction requiring Secretary Toulouse Oliver to withdraw her February 2024 referral of Senator Ortiz y Pino to the State Ethics Commission and the Attorney General's Office. <u>See</u> ECF No. 28 at 2. The limitations period for criminal enforcement by the Attorney General has expired, and the Ethics Commission has stated that it will not be instituting civil enforcement proceedings. <u>See</u> ECF No. 42 at 26. Thus, one could argue that Secretary Toulouse Oliver would suffer little or no harm from the requested injunction,

8

and/or that an infringement on Senator Ortiz y Pino's First Amendment rights outweighs any harm arising from Secretary Toulouse Oliver's inability to enforce the CRA in this instance.

> **d.    Public interest**

Finally, Senator Ortiz y Pino argues that an injunction will not adversely affect the public interest.  ECF No. 46 at 9.

Solely for purposes of resolving the issue of whether this case should proceed to the summary judgment stage, the Court finds that it is at least possible that an injunction will be in the public interest.  See Verlo v. Martinez, 820 F.3d 1113, 1127 (10th Cir. 2016) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights."); Pac. Frontier v. Pleasant Grove City, 414 F.3d 1221, 1237 (10th Cir.2005) ("Vindicating First Amendment freedoms is clearly in the public interest.").

## V.    Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1.    The Court's Order to Show Cause, ECF No. 42 at 28, is **QUASHED**; and

2.    Secretary Toulouse Oliver shall have **TWENTY-ONE DAYS** from the date of this Order to file a motion for summary judgment regarding Senator Ortiz y Pino's as-applied challenge to Section 1-19-29.1(A)(4).

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE